```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


VICTORIA CENTO,                    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )  Case No. 4:12CV85 FRB
                                   )
ALLSTATE PROPERTY & CASUALTY       )
INSURANCE COMPANY,                 )
                                   )
        Defendant.                 )
```

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion To Strike Plaintiff's Amended Complaint For Failure To State A Claim (Docket No. 12), filed pursuant to Rule 12 of the Federal Rules of Civil Procedure. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I.   Background**

On November 28, 2011, plaintiff Victoria Cento ("plaintiff") filed a petition in the Circuit Court of Jefferson County, Missouri, against defendant Allstate Property & Casualty Insurance Company ("defendant"), asserting negligence on behalf of defendant in connection with water damage that occurred at her home. On January 17, 2012, defendant removed this matter to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). On January 18, 2012, defendant filed Defendant's Motion To Strike For Failure To State A Claim (Docket No. 6). Therein, defendant

argued that plaintiff's petition failed to state a claim upon which relief can be granted inasmuch as her negligence claim was preempted by Missouri statutory law, and because she failed to adequately state a claim for breach of contract and/or vexatious refusal to pay.

Plaintiff did not file a timely response to Defendant's Motion To Strike. On February 29, 2012, this court entered an order directing plaintiff to file a response. (Docket No. 9). On March 7, 2012, plaintiff filed Plaintiff's Response To Defendant's Motion To Strike For Failure To State A Claim (Docket No. 10), and an Amended Complaint (Docket No. 11). In her Response, plaintiff averred that she was filing the Amended Complaint with the consent of defense counsel.[1]

Following the filing of the Amended Complaint, defendant filed the instant Motion To Strike Plaintiff's Amended Complaint For Failure To State A Claim. (Docket No. 12). Again, plaintiff failed to file a timely response. On April 3, 2012, however, plaintiff filed a Second Amended Complaint, (Docket No. 14), and a Motion For Leave To File Second Amended Complaint. (Docket No. 15). Upon defendant's motion, those pleadings were stricken from the record. (Docket No. 19). Subsequently, plaintiff sought and received an extension of time to respond to the instant motion, and filed a response on October 9, 2012. Defendant has not filed a reply, and the time for doing so has passed. The undersigned

---

[1]Defendant acknowledges that it gave such consent. (Docket No. 16 at page 2).

therefore considers the Motion.

In the instant Motion, defendant argues that plaintiff's Amended Complaint fails to state a claim against it because plaintiff failed to plead facts sufficient to show that defendant and plaintiff had a contract that required defendant to abate the water in plaintiff's home and/or remedy or prevent further damage and/or bodily injury.  Defendant also argues that, because the Amended Complaint fails to state a claim for breach of contract, it likewise fails to state a claim for vexatious refusal or delay. Finally, defendant argues that plaintiff appears to state claims sounding in tort, which would be preempted as a matter of law.

In her response, plaintiff writes: "[i]nitially, the plaintiff would argue that the failure to allege the conditions precedent is a procedural defect that can be addressed by the court granting the motion of the plaintiff seeking leave to file an amended petition.  Plaintiff proposes to file an amended petition which more explicitly alleges the conditions precedent which would trigger the insurance coverage she claims, as the defendant argues." (Docket No. 22 at page 1).  Plaintiff continues in this manner, describing how her proposed amended pleading would correct the deficiencies noted in defendant's motion.  Plaintiff also states that she is not trying to assert a claim for personal injury, and only included facts regarding the negative health consequences of mold in order to complete her claim for breach of contract. In conclusion, plaintiff writes that she "seeks leave to amend pleadings in accordance with the foregoing paragraphs and

does offer a proposed amended petition for this courts [sic] approval."

While plaintiff did submit a proposed second amended complaint and a motion for leave to do so on April 1, 2012, both of those pleadings were stricken from the record pursuant to this Court's order of September 21, 2012.  Plaintiff filed her response to the instant Motion on October 9, 2012.  Plaintiff has not, since September 21, 2012, filed a motion for leave to file an amended pleading or any other document that could be construed as such, nor has she submitted a proposed amended pleading.

## II.  Discussion

Because this matter is before this Court pursuant to diversity jurisdiction, this Court must apply Missouri's substantive law, and federal procedural law.  Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) (federal court sitting in diversity must apply the forum state's substantive law, and federal procedural law); see also Winthrop Resources Corp. v. Stanley Works, 259 F.3d 901, 904 (8th Cir.  2001).

When reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12, the Court must accept as true all factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the challenged claim.  A claim must be dismissed under Rule 12(b)(6) if

it does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Twombly, 550 U.S. at 570).

In Missouri, to state a cause of action for breach of contract, plaintiff must allege: (1) a valid and enforceable contract between the plaintiff and defendant; (2) the rights of plaintiff and the obligations of defendant thereunder; (3) a violation thereof by defendant; and (4) damages resulting to plaintiff from the breach. Teets v. American Family Mut. Ins. Co., 272 S.W.3d 455, 461 (Mo. Ct. App. 2008); Trotter's Corporation v. Ringleader Restaurants, Inc., 929 S.W.2d 935, 941 (Mo. Ct. App. 1996). A party "fails to state a claim for breach of contract [if] it does not set out [the claimant's] rights or [the defendant's] obligations under the contract." Id. Vague references to unspecified "agreements" are insufficient. See Midwest Special Surgery, P.C. v. Anthem Ins. Cos., No. 4:09CV646 TIA, 2010 WL 716105, at *6 (E.D. Mo. Feb. 24, 2010) (citing iCARD Stored Value Solutions, L.L.C. v. West Suburban Bank, No. 4:07CV1539 CAS, 2008 WL 619236, at *2 (E.D. Mo. March 3, 2008) (dismissing breach of contract claim where plaintiff made only vague references and failed to plead sufficient facts concerning the general nature of

the contract and the damages).

Plaintiff's Amended Complaint is divided into four sections entitled "Parties," "Venue," "Subject-matter Jurisdiction," and "Factual Allegations." (Docket No. 11). The Amended Complaint does not label the claims plaintiff is asserting or contain sections identifying individual counts, but as defendant observes in the instant motion and as plaintiff agrees in response, the Amended Complaint attempts to allege at least one claim for breach of contract. Essentially, plaintiff alleges that defendant permitted water from a covered loss to remain unabated, and that mold and other unidentified toxins subsequently rendered plaintiff's home unsafe, caused serious bodily injury, and caused damage to property and personal property. The Amended Complaint alleges that "Defendant insured Plaintiff against such aforementioned loss" and that the loss was "a 'covered event' which entitle[d] Plaintiff to certain payments and repairs pursuant to limits in the policy. The insurance policy is hereby incorporated by reference." (Docket No. 11 at page 2).

While plaintiff alludes to an insurance policy, she fails to identify it with sufficient specificity, leaving it unclear whether it was a valid, enforceable contract between plaintiff and defendant. While plaintiff indicates that the unidentified insurance policy is incorporated by reference, actually incorporating it is impossible without any information identifying the particular policy to incorporate. As noted above, plaintiff is required to plead, <u>inter</u> <u>alia</u>, the existence of a valid and

enforceable contract between herself and defendant.  Teets, 272 S.W.3d at 461.

Plaintiff also fails to allege the specific terms contained within the unidentified insurance policy that required defendant to take any of the action plaintiff complains defendant failed to take, and that entitle her to the relief she seeks.  A party "fails to state a claim for breach of contract [if] it does not set out [the claimant's] rights or [the defendant's] obligations under the contract."  Trotter's Corporation, 929 S.W.2d at 941.  Vague allegations regarding the parties' rights and obligations do not suffice.  See iCARD Stored Value Solutions, L.L.C., 2008 WL 619236, at *2.

A plaintiff is required to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  Based upon the standard articulated in Twombly and its progeny, and based upon the elements of breach of contract required in Missouri, plaintiff's Amended Complaint fails to state a claim for breach of contract.

As noted above, in opposition to the instant motion, plaintiff acknowledged defendant's arguments and indicated her wish to file an amended pleading.  While not required to do so, defendant did not file a reply indicating opposition to the relief plaintiff sought, and the time for doing so has passed. Recognizing that leave to amend should be freely granted when

- 7 -

justice so requires, Fed. R. Civ. P. 15(a), plaintiff will be given leave to file an amended pleading.  Defendant's motion, although well-taken, will be denied at this time without prejudice.

Plaintiff's Amended Complaint includes the language "vexatious refusal to pay." (Docket No. 11 at page 2).  In the instant Motion, defendant argues that plaintiff has not properly plead a claim for vexatious refusal to pay because such a claim is premised upon a breach of contract claim, which plaintiff has failed to properly plead.[2]  In her response, plaintiff does not address defendant's arguments regarding a purported claim for vexatious refusal to pay, and it is unclear from the Amended Complaint whether plaintiff intended to assert such a claim or whether she merely used that language to describe defendant's conduct.  Given the other deficiencies in the Amended Complaint and the order entered on this date, the undersigned will not address this issue at this time.  The Amended Complaint also includes language describing personal injury, with which defendant also takes issue.  In response, plaintiff indicated that she used such language not in an attempt to assert a claim for personal injury, but to describe the impact of defendant's alleged wrongdoing. Hopefully, if a Second Amended Complaint is filed, it will state plaintiff's claims with sufficient specificity, removing all doubt

---

[2]Briefly, to establish a claim for vexatious refusal to pay, a plaintiff must show that she had an insurance policy with the insurer, the insurer refused to pay, and that such refusal lacked reasonable cause or excuse. Hensley v. Shelter Mut. Ins. Co., 210 S.W.3d 455, 464 (Mo. Ct. App. 2007) (internal citation omitted).

- 8 -

regarding these issues.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion To Strike Plaintiff's Amended Complaint For Failure To State A Claim (Docket No. 12) is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall have to and including January 14, 2013 to file an amended pleading.

No extensions will be granted.

Plaintiff is cautioned that failure to respond to this Order may result in the imposition of sanctions, including the dismissal of her case.

_/s/ Frederick R. Buckles_
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of January, 2013.