# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VICTORIA CENTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-85 CAS |
| ) | |
| ALLSTATE PROPERTY & CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Allstate Property and Casualty Insurance Company's ("Allstate") motion for leave to file an Amended Answer and Counterclaim. Plaintiff Victoria Cento ("plaintiff") opposes the motion, which is fully briefed and ready for disposition. For the following reasons, Allstate's motion for leave to file an Amended Answer and Counterclaim will be denied.

*Background*

This diversity action involves an insurance dispute. On January 13, 2013, plaintiff filed a Second Amended Complaint against Allstate for claims of breach of contract and vexatious refusal to pay arising out of a water loss from a broken ice maker at plaintiff's property. Plaintiff brings state law claims against Allstate for breach of contract (Count I) and statutory vexatious refusal to pay in violation of §§ 375.296 and 375.420, Mo. Rev. Stat. (2000) (Count II).[1] On February 14, 2013, Allstate filed its Answer, Affirmative Defenses, and Counterclaim for Declaratory Judgment. Allstate alleged as affirmative defenses that plaintiff failed to comply with her duties under the policy at issue, and that she failed to mitigate her damages. Allstate's counterclaim for declaratory

---

[1] The parties agree that Missouri law applies to this dispute. The Court has jurisdiction over the dispute pursuant to 28 U.S.C. § 1332.

judgment alleged that it was entitled to a judicial declaration of no coverage under the policy, and asked the Court to enter an order finding that Allstate has satisfied all of its obligations pursuant to the terms of its contract with plaintiff.

On June 5, 2014, Allstate filed a motion for summary judgment asserting it was entitled to judgment on the basis that it had satisfied all its obligations under the policy and owed plaintiff no additional money for any claims relating to living expenses, structural damages, mold coverage and personal property damage. On September 16, 2014, the Court granted summary judgment to Allstate as to plaintiff's claims for damages to her dwelling, living expenses and mold coverage. The Court denied summary judgment to Allstate on plaintiff's personal property claims. The Court reset the matter for trial on February 2, 2015, and ordered the parties to participate in mediation.

The parties attended a mediation conference on November 5, 2014. In a report filed with the Court, the neutral indicated that the parties participated in mediation in good faith but failed to reach a settlement. In the motion presently before the Court, Allstate moves to amend its answer and counterclaim based on statements plaintiff and her attorney made just prior to and during the mediation. According to Allstate, during the course of this litigation, plaintiff has represented that she sustained approximately $20,000 to $25,000 in damages to her personal property as a result of the water loss. For example, in a demand letter attached to plaintiff's Second Amended Complaint, plaintiff's attorney writes that plaintiff sustained water damage on items estimated to be worth $25,584.99. Doc. 27, Ex. 2 at 3. During her deposition, plaintiff testified that if this matter went to trial she would be claiming $19,986 in damages for her personal property. Doc. 117, Ex. B at 2. But, Allstate contends, during settlement negotiations following the Court's order on summary judgment, and at the mediation conference, plaintiff demanded $50,000 to settle her personal property claims. Based on this so-called inflated demand, Allstate argues that plaintiff is now

2

intentionally misrepresenting the value of her personal property. According to Allstate, it "must presume Plaintiff and/or her counsel were not negotiating in good faith and/or did not mediate in good faith, there is no conclusion other than that Plaintiff is intentionally misrepresenting the value of her personal property." Doc. 114 at 4. Allstate requests leave to amend its answer and counterclaim to plead intentional misrepresentation and fraud to void the policy. Allstate also seeks leave to allege that it is entitled to a reimbursement for money paid under the policy and to recoup the attorneys' fees it has incurred.

Plaintiff opposes the motion, arguing that the deadline to amend as set forth in the Case Management Order ("CMO") has passed and that good cause does not exist to amend. Plaintiff also argues she would be prejudiced by the amendment, which she describes as a "red herring" and an attempt to put her in a negative light. Doc. 3 at 3. In addition, plaintiff argues in her surresponse that Allstate has misconstrued her demand.

*Discussion*

Where a party seeks leave to amend its complaint after the deadline in the case management order has passed, Federal Rule of Civil Procedure 16(b)'s good-cause standard applies, not the standard of Rule 15(a). Under Rule 16(b), the party must show good cause in order to be granted leave to amend. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). "'The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'" Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006); see also Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment). While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, prejudice is not considered if the movant has not been diligent in meeting the scheduling order's deadlines. See Bradford v. DANA Corp., 249 F.3d 807,

3

809 (8th Cir. 2001); see also Sherman, 532 F.3d at 716-17 (district court erred in permitting the defendant to amend its answer more than seventeen months after the established deadline for amending pleadings, where the defendant was not diligent and had knowledge of the defense long before it sought leave).

Allstate argues that the Court should grant it leave to amend because new evidence has come to light that plaintiff is fraudulently misrepresenting her claim. Allstate argues that although it has been diligent in this litigation, there was no way for it to have reasonably determined that plaintiff was claiming her personal property claim was worth $50,000 until shortly before the mediation. In support of its motion, Allstate notes that plaintiff did not supplement her discovery and asserts that it was not aware of the "new evidence" until after summary judgment.

Allstate's argument is without merit because it has not uncovered new "evidence." It is fundamental that demands made during settlement negotiations or mediation are not evidence and are not admissible. Rule 408 of the Federal Rule of Evidence provides:

> Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408. It is simply not admissible that plaintiff is now demanding $50,000 to settle her personal property claim.[2] Therefore, contrary to its assertion, Allstate does not have new evidence

---

[2]There are a few exceptions to this rule of exclusion, but none apply here. Subsection (b) of Rule 408 provides: "The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct

4

to support its theory that plaintiff is fraudulently misrepresenting the value of her personal property claim. Amendment of the pleadings based on this claimed new "evidence" would not be proper.

Further, even if the statements plaintiff and her attorney made during settlement negotiations or mediation were admissible, they do not support Allstate's theory that plaintiff has committed fraud to void the policy. Plaintiff states in her opposition that she "is not limited to making a demand based strictly upon the principal losses. Plaintiff can demand whatever she pleases, that is neither fraudulent nor a misrepresentation of the value it places on the case at this stage of the litigation." Doc. 110. Plaintiff is not entirely correct. She cannot in good faith demand "whatever she pleases." She can, however, demand in good faith more than the amount of the damages she allegedly sustained to her personal property.

Allstate acknowledges that plaintiff's remaining claims are for breach of contract and vexatious refusal with respect to personal property damaged or destroyed by a direct water loss. Under Missouri law, if a plaintiff establishes that an insurance company refused to pay a claim without reasonable cause or excuse, the plaintiff is entitled to recover the loss, plus interest, and he or she may also recover penalties and attorney's fees. The Missouri vexatious refusal statute provides:

> In any action against any insurance company to recover the amount of any loss under a policy of automobile, fire, cyclone, lightning, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance except automobile liability insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, *allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee*; and the court shall enter judgment for the aggregate sum found in the verdict.

Mo. Rev. Stat. § 375.420 (emphasis added).

---

a criminal investigation or prosecution." Fed. R. Evid. 408(b).

Therefore, if plaintiff is successful in her claims with respect to water loss to her personal property, she may recover more than the amount of her alleged loss of approximately $20,000. Considering that plaintiff could be entitled to the loss, interest, penalties and attorney's fees if she is successful at trial, a demand of $50,000 is not facially unreasonable. Even if plaintiff's settlement demands were admissible as evidence, they do not show plaintiff has engaged in fraud or intentional misrepresentation of her personal property claims.

In sum, Allstate has not shown that Fed. R. Civ. P. 16(b)'s good-cause standard has been met here. Statements made during settlement negotiations or mediation are not admissible, but even if there were, they do not show plaintiff has engaged in fraudulent misrepresentation of her personal property claims. Finding there is no good cause to amend Allstate's Answer and Counterclaim, Allstate's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Allstate Property and Casualty Insurance Company's motion for leave to file its Answer and an Amended Counterclaim is **DENIED**. [Doc. 106]

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of December, 2014.