UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICTORIA CENTO, | ) |
| Plaintiff, | ) Case No: 4:12-CV-00085 |
| vs. | ) |
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY | ) |
| Defendant, | ) |

## TRIAL BRIEF

### Introduction

Victoria Cento had a covered water loss pursuant to her homeowner's policy that occurred on or about December 17, 2007. She contacted her insurance carrier Allstate in February to have the claim adjusted. In the course of the months during which she worked with Allstate in the repair of her damaged dwelling, Miss Cento further discovered losses to her personal property which was stored in the basement. These losses arose from the original water loss in December 2007. When Miss Cento discovered the damaged personal property, she contacted her adjuster. The adjuster came to the house to review the items located in the basement. During the first visit, Miss Cento and this adjuster developed a dispute which resulted in Miss Cento sending the Adjuster away from her home. Some weeks later, Allstate returned to review the property stored at her home and in a storage unit nearby. Allstate found that there was no water damage to any of the property in either area and ultimately denied her claim.

Miss Cento later had a number of experts review the items that had been examined by Allstate representatives. These individuals found water damage to the majority of the items that they saw. After summary judgment, Miss Cento has a sole claim to place before the jury. She is seeking recovery for her property loss, Allstate's vexatious refusal to pay and attorney's fees.

### LEGAL ISSUE

The sole claim before the jury, is Miss Cento's property loss. First the jury must be convinced that Miss Cento had a covered loss relatable to her property claim. Of course, this is a fact driven analysis. Largely, this will be determined by the credibility of the witnesses. The plaintiff's contention is that the testimony of the representatives from CDR, Innman and Associates and Servepro, who viewed the property claimed in the losses will buttress the claims of herself and Richard Pierce that she suffered an extensive personal property claim. Plaintiff does not anticipate any particular procedural or substantive pitfalls associated with prosecuting this issue.

Should the jury find in favor of Miss Cento in the property loss, she will be seeking damages for Vexatious Refusal. If the jury finds for the plaintiff on the insurance policy, and if it believes the company refused to pay without reasonable cause or excuse, then the penalties mentioned in Mo. Rev. Stat. § 373.296 can be awarded for vexatious refusal to pay. Whether a refusal to pay is vexatious or not must be determined by the situation as presented to the insurer at the time it was called on to pay . The very character of a vexatious refusal to pay case makes it hard to define what factual mix must be present to make a jury issue. Each case literally must be decided on its own merits. <u>Hopkins v. Am. Econ. Ins. Co., 896 S.W.2d 933, 935 (Mo. Ct. App. 1995)</u> However, Cento contends that the totality of the circumstances related to this case and the testimony already yielded in deposition support a vexatious refusal award by the jury.

              Respectfully submitted,

        By:  /s/ Celestine Dotson
            Celestine Dotson, #50633
            300 N. Tucker, Suite 301
            St. Louis, MO 63101
            (314) 454-6543 Office
            (314) 241-4943 Facsimile
            celestine-dotson@sbcglobal.net
            *Attorney for Plaintiff*

Certificate of Service

The electronic signature above also certifies that a copy of the foregoing was electronically filed for the service on counsel of record.