# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VICTORIA CENTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:12-CV-85 CAS |
| v. ) | |
| ) | |
| ALLSTATE PROPERTY & CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

In accordance with the rulings announced from the bench in open court and on the record at the pretrial conference held on January 29, 2015,

**IT IS HEREBY ORDERED** that plaintiff's Motion in Limine is **GRANTED** in part, **DENIED** in part, and **DENIED** in part as moot, as follows: [Doc. 136]

a. Exclusion of evidence that plaintiff successfully sued a flooring manufacturer for the quality of the flooring used in the repair work performed pursuant to the claims under her Allstate policy: **DENIED as moot**, based on defendant's representation it will not seek to introduce this evidence.

b. Exclusion of evidence of other civil law suits plaintiff has engaged in: **GRANTED**.

c. Exclusion of evidence that Allstate previously paid various sums in compliance with the contract between the parties in reference to other covered claims for the 2007 water loss: **DENIED**.

d. Exclusion of evidence that plaintiff is an unemployed recipient of disability: **DENIED as moot** based on defendant's representation it will not seek to introduce this evidence.

e. Exclusion of evidence that plaintiff's witness Richard Pierce, Jr. has a felony criminal record: **DENIED**.

f.  Exclusion of any reference to the payment Allstate made to plaintiff for mold damage:  **DENIED**.

g.  Exclusion of evidence that plaintiff failed to hire any professional contractors to perform the work that Allstate paid for pursuant to the written estimates:  **DENIED**.

h.  Exclusion of any argument by Allstate that plaintiff waited too long to make a claim for property loss and therefore her coverage claim should be denied:  **DENIED**.

i.  Exclusion of any argument by Allstate that plaintiff failed to comply with the requirements of her insurance contract and therefore she should be denied coverage for her property claims:  **DENIED**.

j.  Exclusion of evidence of the extent and content of work performed on other covered claims during the particular loss in question:  **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion in Limine is **GRANTED** in part and **DENIED** in part, as follows:  [Doc. 131]

1.  Exclusion of Craig Dodge Restoration, Inc. ("CDR") Report and any testimony from any representative of CDR:  **DENIED**.

2.  Exclusion of any testimony pertaining to expenses for storage:  **DENIED**, but for storage expenses plaintiff is limited to presenting evidence of the past-due bill for $500 from Mr. B's Storage; further, defendant Allstate has agreed to stipulate that the bill is authentic and no representative of Mr. B's Storage needs to testify to establish its authenticity.

3.  Limit plaintiff's testimony to observed water damaged personal property:  **DENIED**, but plaintiff must redact any repair costs from Plaintiff's Exhibit 11.

4.  Exclusion of any testimony with regard to any monies plaintiff paid to Mr. Flamm following the loss:  **GRANTED**.

5.  Exclusion of any testimony with regard to any items of personal property discarded prior to Allstate's inspection of the claim:  **GRANTED**.

6.  Exclusion of Carol House Furniture Written Notes:  **GRANTED**.

7.  Exclusion of Testimony from Richard Inman:  **GRANTED** in part and **DENIED** in part;  the motion is **GRANTED** to the extent of any testimony about (i) causation of the December 2007 water loss to any alleged damage to persona property, and (ii)

any opinions as to Allstate's investigation of the December 2007 water loss; and **DENIED** as to fact testimony.

8.  Exclusion of any testimony regarding any items denoted "Insured Added" on plaintiff's content list, Plaintiff's Exhibit 11:  **DENIED**.

9.  Exclusion of any testimony by experts not disclosed in discovery per the Case Management Order:  **GRANTED**.

10.  Exclusion of any testimony with regard to additional mold damage, structural damages, and/or additional living expenses:  **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's objection to the testimony and report of Allstate witness Robert McCormack is **DENIED**.

**IT IS FURTHER ORDERED** that Allstate's objection to plaintiff's Exhibit 4, the letter from plaintiff to Kevin Lyons, is **GRANTED**, and plaintiff's Exhibit 4 is **EXCLUDED**.

**IT IS FURTHER ORDERED** that Allstate's objection to plaintiff's Exhibit 5, the Allstate Claim Notes, is **GRANTED** to the extent that plaintiff shall redact Exhibit 5 to omit all references in the Claim Notes to matters or claims that are no longer at issue in the case as a result of the Court's summary judgment ruling.

**IT IS FURTHER ORDERED** that Allstate's other objections to plaintiff's exhibit list and deposition designations are resolved in accordance with the Court's rulings on the parties' motions in limine.  If counsel have any questions concerning the resolution of these objections, they shall raise them with the Court prior to the start of trial on Monday, February 2, 2015.

**IT IS FURTHER ORDERED** that Allstate's Motion for Trial Scheduling Change is **DENIED** as to moving the start time of trial; and **DENIED as moot** as to presenting the testimony of witness Mr. Licious on the first day of trial due to his unavailability after that day, as the parties have agreed to take a video deposition of Mr. Licious' testimony prior to the time of trial.

**IT IS FURTHER ORDERED** that plaintiff shall prepare and file revised proposed jury instructions that follow the Eighth Circuit's current Model Jury Instructions for all introductory instructions, and Missouri Approved Instructions, appropriately modified, for substantive issues and forms of verdict.

**IT IS FURTHER ORDERED** that both parties shall have present at the start of trial on Monday, February 2, 2015 at 1:00 p.m., their proposed instructions on a flash drive or similar device, writable and in a word-processing format, for the Court's use in making necessary changes.

                                                 */s/ Charles A. Shaw*
                                                 **CHARLES A. SHAW**
                                                 **UNITED STATES DISTRICT JUDGE**

Dated this   30th   day of January, 2015.